# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL SANTANA-ZEPEDA,<br><br>　　　　　　Movant-Defendant,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent-Plaintiff. | Civ. Case No. 11cv2111 BTM<br>Crim. Case No. 11cr980 BTM<br><br>**ORDER DENYING § 2255 MOTION** |

　　　　Defendant Manuel Santana-Zepeda has filed a motion to reduce his sentence under 28 U.S.C. § 2255.  For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

　　　　On May 4, 2011, pursuant to a Plea Agreement, Defendant entered a plea of guilty to Count One of the Information (violating 8 U.S.C. § 1326(a) and (b)).

　　　　On August 26, 2011, Defendant was sentenced to an 8-month term of imprisonment and 2 years of supervised release.  Judgment was entered on September 6, 2011.

## II. DISCUSSION

　　　　In his motion, Defendant argues that his sentence should be reduced because due to his status as a deportable alien, he is ineligible for certain programs and benefits that are available to United States citizens.

Defendant is barred from arguing for a reduction of his sentence under the terms of the Plea Agreement. The Plea Agreement provided that the sentence was within the sole discretion of the sentencing judge and that Defendant understood that the sentencing judge may impose the maximum sentence provided by statute. (Plea Agreement ¶ 9.) Defendant and the Government agreed that Defendant's Adjusted Offense Level was 8, but reached no agreement on Criminal History Category. (Plea Agreement ¶¶ 4, 7.)

The Plea Agreement further provided: "In exchange for the Government's concessions in this plea agreement, *defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence* . . . unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum if applicable. " (Plea Agreement ¶ 11) (emphasis added).

The Government recommended a guideline range of 10 to 16 months based on the Adjusted Offense Level of 8 and a Criminal History Category of IV. (Gov't Sentencing Summary Chart (Doc. No. 21).) The Court sentenced Defendant to 8 months, the sentence requested by defense counsel.

At the sentencing hearing, the Court confirmed that Defendant understood that he was waiving his right to collateral attack:

**The Court:** Have you waived your right to ever attack the sentence and conviction?

**Defendant:** Yes.

A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily made. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). If ineffective assistance of counsel renders the plea agreement containing the waiver involuntary, the defendant may appeal or collaterally attack his sentence. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that "a plea agreement that waives the right to file a federal habeas petition under 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver"). See also Pruitt, 32 F.3d at 433 (expressing

"doubt" that such a waiver could be enforceable in a § 2255 context).

Defendant does not argue that his attorney was ineffective in advising him regarding the Plea Agreement or that his plea was otherwise involuntary. Accordingly, Defendant is bound by the terms of the Plea Agreement and is precluded from mounting a collateral attack on his sentence. Defendant's motion is therefore denied.

Finally, even if the Court were to consider his claim it would be denied. Had defense counsel sought a departure or sentence reduction on the grounds Defendant now suggests, the Court would have denied it as it has done numerous times.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to reduce sentence is **DENIED**. The Court **DENIES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: October 5, 2011

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge